# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAURA A. GARCIA,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security

    Defendant.

CIVIL ACTION NO. 3:05-CV-2507

(JUDGE CAPUTO)

## **MEMORANDUM**

Presently before the Court are Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 10) and Plaintiff Laura A. Garcia's Objections to the Magistrate Judge's Report and Recommendation (Doc. 11). The Magistrate Judge recommended that the Court deny Plaintiff's appeal of the Commissioner's decision. For the reasons set forth below, the Court will adopt the Magistrate Judge's Report and Recommendation and overrule Plaintiff's Objections. Accordingly, Plaintiff's appeal will be denied.

## **STANDARD OF REVIEW**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the

extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).  Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**DISCUSSION**

To determine whether an individual is disabled for social security purposes, the Commissioner employs a five-step analysis.  The Commissioner must sequentially determine:  (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe physical or mental impairment; (3) whether the applicant's impairment meets or exceeds a listed impairment; (4) whether the applicant's residual functional capacity permits the applicant to perform past relevant work; and (5) whether the applicant's residual functional capacity permits the applicant to perform other work.  20 C.F.R. § 416.920 (2004).

The Commissioner's factual findings must be deemed conclusive unless the reviewing court finds they are not supported by substantial evidence.  *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981).  Substantial evidence is "more than a mere scintilla." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence is less than a large or considerable amount of evidence; it only requires enough relevant evidence that a reasonable mind might accept it as adequate to support a conclusion.  *Hartranft v. Apfel,*

181 F.3d 358, 360 (3d Cir. 1999).  Evidence is not substantial if it is overwhelmed by other evidence.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

In the instant matter, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny Plaintiff's appeal because: (1) the Magistrate Judge erred in affirming the ALJ's evaluation of the medical evidence; and (2) the Magistrate Judge erred in affirming the ALJ's evaluation of Plaintiff's testimony as to her subjective complaints.  As a result, the Court will conduct a *de novo* review of the decisions of the ALJ relating to these issues only.

**I.      The Medical Evidence**

Plaintiff asserts that the Magistrate Judge erred in affirming the ALJ's evaluation of the medical evidence.  Specifically, Plaintiff argues that the ALJ failed to adequately explain the bases for his decision to reject or discount the opinions of Drs. Cilento, Batash and Brown.  The Court disagrees.

The United States Court of Appeals for the Third Circuit has stated that:

> A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.  Where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit but cannot reject evidence for no reason or for the wrong reason, The ALJ must consider the medical findings that support a treating physician's opinion that the claimant is disabled.  In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

3

*Morales v. Apfel*, 225 F.3d 310, 317-18 (3d. Cir. 2000) (internal quotation marks and citations omitted).  The ALJ must evaluate every medical opinion received into evidence. 20 C.F.R. § 404.1527(d).  Although the ALJ must consider all medical opinions, those opinions which are better explained and supported through medical signs and laboratory findings may be given more weight. 20 C.F.R. § 404.1527(d)(3).  While treating physicians' opinions may be given more weight, there must be relevant evidence to support the opinion. 20 C.F.R. § 404.1527(d).  An ALJ need not automatically adopt the opinion of the treating physician. *See Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). An ALJ may reject a treating physician's opinion on the basis of contradictory medical evidence or if the opinion is unsupported by medical data. *Kurilla v. Barnhart*, No. Civ. A. 04-1724, 2005 WL 2704887, at *5 (E.D. Pa. Oct. 18, 2005).

In the instant matter, after review of the medical findings and other objective evidence in the record, the ALJ determined that the opinions of Dr. Cilento and Dr. Batash were to be given little weight. (TR. 19-20.)  The ALJ specifically noted that their opinions that Plaintiff was disabled were not persuasive because (1) their assessments were inconsistent with the weight of the documentary evidence and were not supported by specific reference to clinical observations or diagnostic test results and (2) the opinion as to the ultimate issue of disability is reserved to the Commissioner. (TR. 19-20.)  The ALJ listed the reasons and evidence upon which he was making his determination. (*Id.*) This determination is supported by substantial evidence.

Plaintiff also asserts that the ALJ failed to explicitly state what weight he gave to Dr. Brown's opinion. (Doc. 11 at 1-2.)  While an ALJ must set forth the reasons for his decision, *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir. 1981), "the ALJ is not required to

4

supply a comprehensive explanation for the rejection of evidence." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Rather, the ALJ need only "indicate that [he] has considered all the evidence, both for and against the claim, and provide some explanation of why [he] has rejected probative evidence which would have suggested a contrary disposition." *Id.*  Here, the ALJ stated that he reviewed all of the evidence of record and all medical opinions. (TR. 18.)  The ALJ then described in detail all of the medical evidence before him, including Dr. Brown's opinion, and then clearly explained that he gave controlling weight to the opinion of the Disability Determination Service ("DDS") physician because this opinion was consistent with and supported by the great weight of the documentary medical evidence. (TR. 19.)  The ALJ's recitation of the medical evidence and explanation for his decision allows for meaningful judicial review. *See Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).  Therefore, as the Magistrate Judge concluded, the Court finds that the ALJ sustained his burden of adequately considering all of the evidence of record and sufficiently explaining the bases for his determination.

## II.     Plaintiff's Subjective Complaints

Plaintiff asserts that the Magistrate Judge erred in allowing the ALJ to reject the testimony of Plaintiff as not totally credible.  Specifically, Plaintiff argues that the Magistrate Judge erred in affirming the ALJ's evaluation notwithstanding the fact that the ALJ failed to offer specific reasons for finding Plaintiff not totally credible.  The Court disagrees.

As the Magistrate Judge explained, the Social Security Regulations provide a framework under which a claimant's subjective complaints are to be considered. 20 C.F.R. § 404.1529.  These regulations require: (1) objective evidence of a medically determinable impairment that could reasonably be expected to produce the symptoms alleged; followed by (2) an evaluation of the intensity and persistence of the pain or symptoms and the extent to which Plaintiff's pain or symptoms affects her ability to work. 20 C.F.R. § 404.1529(b).  "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters v. Comm'r of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Casias v. Sec'y of Health and Human Services*, 933 F.2d 799, 801 (10th Cir. 1991) ("We defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility"); *Frazier v. Apfel*, No. 99-715, 2000 U.S. Dist. LEXIS 3105 (E.D. Pa. March 7, 2000).

In the instant matter, the ALJ found Plaintiff's testimony as to her symptoms was "overstated, not fully credible, not fully supported by the documentary medical record, and not worthy of total acceptance." (TR. 19.)  The ALJ noted that, in her physical exam on June 3, 2004, Plaintiff ambulated independently and without the need of an assistive device. (TR. 117.)  The ALJ also observed that, while Plaintiff had some pain in her cervical spine and shoulders, she suffered no significant loss of motion. (*Id.*)  Moreover, Plaintiff's strength was okay and she did not report any significant tenderness. (*Id.*)  A straight leg raising test was negative, Plaintiff had no loss of motion in her hips and knees, and there were no effusions. (*Id.*)  The ALJ also explained that he was rejecting the assessments of Drs. Cilento and Batash because they were not supported by specific reference to clinical observations or diagnostic test results. (TR. 19-20.)  Rather, the ALJ

6

decided to accept the opinion of the DDS physician, which the ALJ found was consistent with and supported by the documentary evidence (TR. 19.)  Thus, it appears that, after a thorough evaluation of the medical evidence, the ALJ accepted the June 2004 medical assessment of Plaintiff and the DDS physician's opinion, and, based on this evidence, found that Plaintiff's "allegations regarding her limitations [were] not totally credible." (TR. 20.)

## CONCLUSION

After careful consideration, the Court will adopt the Magistrate Judge's Report and Recommendation (Doc. 10).  Therefore, Plaintiff's appeal of the Commissioner's decision will be denied.

An appropriate Order follows.


 March 15, 2007                                           /s/ A. Richard Caputo
Date                                                      A. Richard Caputo
                                                          United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAURA A. GARCIA, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-2507 |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security | (JUDGE CAPUTO) |
| Defendant. | |

## ORDER

**NOW**, this   15th   day of March, 2007, upon review of Magistrate Judge Malachy E. Mannion's Report and Recommendation (Doc. 10), **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. 11) are **OVERRULED**.

(2) The Report and Recommendation (Doc. 10) is **ADOPTED**.

(3) Plaintiff's appeal of the Commissioner's decision is **DENIED**.

(4) The Clerk of the Court shall mark this case as **CLOSED**.

                                                  /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge